UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

FRED A. LARSEN,                                                    No. 6:11-cv-06415-TC

                Plaintiff,

        v.                                              FINDINGS AND RECOMMENDATION

MICHAEL J. ASTRUE, Commissioner Social
Security Administration,

                Defendant.

    Plaintiff seeks review of the Social Security Commissioner's final decision denying plaintiff's application for disability insurance benefits (DIB) and supplemental security income (SSI) under Title II of the Social Security Act. For the following reasons I recommend that this court affirm the Commissioner's decision.

    Plaintiff asserts disability beginning with his application for benefits on February 15, 2001 due to medical conditions and persistent pain. After a hearing, the administrative law judge (ALJ) determined that plaintiff is not disabled based upon the five-step sequential evaluation process for

///

Page 1 - FINDINGS AND RECOMMENDATION

disability. 20 C.F.R. §§ 404.1520(a) and 416.920(a); Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Plaintiff reported injuring his back at work on February 15, 2001. Tr. 26. Plaintiff has not engaged in substantial gainful employment since this date. Tr. 25. The ALJ determined that Plaintiff suffered from lumbar spine degenerative disk disease, mild; diabetes mellitus; migraine headaches; obesity; bilateral carpal tunnel syndrome; and left knee/hip arthralgias. Tr. 26. However, the ALJ determined that these impairments did not rise to the level of severity that is statutorily required for a finding of disability. Tr. 27-28.

Plaintiff asserts that the ALJ erred by giving insufficient reasons to reject Dr. David E. Oelke's opinions. To reject a controverted examiner's opinion, the ALJ must give specific and legitimate reasons. Lester v. Chater, 81 F3d 821, 831 (9th Cir. 1996). Dr. Oelke's report was inconsistent overall with the findings of the state evaluation under Dr. Martin Kehrli. Tr. 33. The ALJ found inconsistent Dr. Oelke's objective medical examination which returned unremarkable results and plaintiff's subjective medical complaints included in Dr. Oelke's report. Tr. 32, 269-281.[1] The ALJ reasonably interpreted conflicting evidence in the record and rejected certain evidence with specificity citing the areas where evidence conflicted. The ALJ thus properly chose to reject Dr. Oelke's opinions and conclusions.

Similarly, plaintiff asserts that the ALJ erred in rejecting Dr. Raymond Nolan's medical assessment of plaintiff. "If the evidence admits of more than one rational interpretation, [the reviewing court] must uphold the decision of the ALJ." Allen v. Heckler, 749 F.2d 577, 579 (9th Cir.

---

[1] Dr. Oelke reported that Plaintiff was disabled completely despite finding normal reflexes, neurology, and circulation and returning a normal motor and sensory examination.

Page 2 - FINDINGS AND RECOMMENDATION

Or. 1984). Again, the ALJ considered Dr. Nolan's findings as they related to the entire record. The ALJ relied upon Dr. Nolan's determination that plaintiff exaggerated the significance of his pain. Tr. 33, 368.[2] The ALJ also found significant the consistency between Dr. Nolan's unremarkable objective findings in his medical evaluation of plaintiff and the state's overall findings. Tr. 33, 367-368. The ALJ determined that the plaintiff's residual functional capacity was not as limiting as Dr. Nolan describes in his report, a decision consistent with the state's assessment finding plaintiff capable of medium work. Tr. 33, 368.[3] The ALJ did not err in rejecting Dr. Nolan's findings inconsistent with other evidence in the record. Tr. 33.

Plaintiff contends the Functional Capacity Questionaire (FCQ) incorporated into the record by the Appeals Council requires remand. Tr. 510. If the evidence can reasonably support either confirming or reversing the Commissioner's decision, the reviewing court may not substitute its judgment for that of the ALJ. Brooks v. Barnhart, 76 Fed. Appx. 154, 156 (9th Cir. Or. 2003). Even though the opinion in the FCQ was later verified by Dr. Segrid Nixon, the ALJ still took the evidence under consideration but rejected it as inconsistent with the record as a whole offering a different rationale interpretation of the evidence. Tr. 33, 510. The ALJ did not err in rejecting this evidence after its consideration and, thus, remand for further consideration is not required.

Plaintiff finally asserts that the ALJ gave insufficient reasons to discredit him and that it was

---

[2] Dr. Nolan, additionally, was unable to localize leg symptoms along a specific nerve distribution which Dr. Nolan deemed a limitation of accepting patient's testimony at face value.

[3] Dr. Nolan suggested plaintiff avoid frequent, repetitive bending, twisting and turning and limit lifting and carrying to normal and 20 pounds on a frequent basis and up to 40 pounds occasionally. Dr. Nolan stated plaintiff should be able to sit for up to six hours in an eight hour day and walk for up to two hours. He advised plaintiff to minimize kneeling and squatting. Tr. 368.

improper to set the RFC and ask completely hypothetical questions. "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Vick v. Halter, 5 Fed. Appx. 781, 782 (9th Cir. Or. 2001). Throughout the record, the ALJ found medical evidence inconsistent with plaintiff's claim for disability. Tr. 33. The ALJ found plaintiff's treatment conservative and effective for controlling his impairments. Tr. 29-30. Plaintiff had not been entirely compliant in taking prescribed medications and in following certain therapy regiments. Tr. 30. Furthermore, Plaintiff's testimony was inconsistent with his activities of daily living. Tr. 30. Finally, Dr. Kehrli's residual functional capacity assessment of June 23, 2008 determined plaintiff was capable of medium work. Tr. 33. Thus, the court did not err in discrediting portions of plaintiff's testimony, setting the RFC, and asking hypothetical questions.

In considering all of plaintiff's impairments supported by the record, the ALJ appropriately concluded that plaintiff retains the ability to perform work. Accordingly, the ALJ did not err in finding plaintiff not disabled.

## CONCLUSION

I hereby recommend to affirm decision of the Commissioner.

DATED this 4 day of Dec 2012.

THOMAS M. COFFIN
United States Magistrate Judge